UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) NO. 24-MJ-8080-PGL |
| | ) |
| JOHN REARDON | ) |

### DEFENDANT'S RESPONSE TO COURT'S REQUEST FOR MEMORANDUM ON RELEASE CONDITIONS

Defendant, John Reardon, by his attorney, provides the following supplement to oral argument made during the detention hearing on January 31, 204. We seek to have this Honorable Court order the release of Mr. Reardon on the conditions discussed below.

As the Supreme Court held in *United States v. Salerno*, 481 U.S. 739 (1987), "[i]n our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *Id.* at 755. This presumption of release is encapsulated in the BRA, 18 U.S.C. § 3142. The statute states that the Court "shall order" pretrial release, subject to "the least restrictive further conditions" that will "*reasonably assure*" the defendant's appearance in court and the safety of the community. § 3142(c)(1) (emphasis added). Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98 225, at 7 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3189); *see also United States v. Byrd*, 969 F.2d 106, 110 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.").

Background

Mr. Reardon was arrested on related state charges on January 25, 2024. On January 29, 2024, those state charges were dismissed and he was transferred to the federal courthouse for the initial appearance. Mr. Reardon was detained pending a hearing, which was held on January 31, 2024. At the hearing the Government requested his continued detention while the probation department and the defendant proposed release upon conditions.

Following the hearing, the parties have conferred. The Government will file its own memorandum addresses these issues. The defendant and the probation department jointly recommend the following conditions of release, along with explanation and recommendations for implementation:

1. **Report to U.S. Probation and Pretrial Services as directed.**

2. **Participate in outpatient or inpatient mental health treatment as directed by U.S. Probation and comply with all of the rules and recommendations of the program. Sign any releases of information so that U.S. Probation and Pretrial Services can confirm treatment.  If the defendant is directed to inpatient or partial hospitalization programming, he must participate until completion of the program and follow all recommendations made by that program.**

3. **No contact, directly or indirectly, with any houses of worship or faith based organizations of the Jewish faith. This includes, but is not limited to, in person, phone, mail or social media contact.**

4. **Do not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. 802, unless prescribed by a licensed medical practitioner.**

5. **Submit to any testing required by PTS. Testing may be used with random frequency and may include urine testing, the earing of a sweat patch, remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of a prohibited substance screening or testing.**

**6. Refrain from possessing firearm or destructive device. Surrender any firearms within 24 hours and provide verification to U.S. Probation.**

**The Defendant proposed additional conditions:**

- **Obtain consistent employment**
- **Monitoring of his cell phone**
- **Substance Abuse evauation and treatment as necessary**

With respect to agreed **Condition 2**: At this time, our recommendation will be that he be enrolled in a partial hospitalization program (PHP). Mr. Reardon would be expected to complete an intake at a PHP within 24 hours of release. Following the intake, could begin inpatient treatment and then step-down to outpatient, should that be what the hospital staff recommend, or take whatever other steps the program requires. This would be dependent on a variety of factors that are outside of Mr. Reardon and the probation department's control, such as availability and insurance coverage. It will be Mr. Reardon's responsibility to initiate the intake and while the probation department has made suggestions for locations, they will not be specifically facilitating his acceptance.

Conclusion

For those reasons, we respectfully ask the Court to release him forthwith, consistent with the conditions proposed above.

Respectfully submitted,
JOHN REARDON
By his Attorney,

/s/ Jessica Thrall
Jessica Thrall, B.B.O.: 670412
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
617-223-8061

3

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 2, 2024.

*/s/ Jessica Thrall*
Jessica Thrall
